UNITED STATES BANKRUPTCY COURT                WESTERN DISTRICT OF WISCONSIN

In re

David J. Tierman and
Amber L. Tierman,

Case No. 3-07-10866-rdm

Debtors.

First Amended Chapter 13 Plan of Reorganization

1. <u>The petitioners will pay or cause to be paid to the trustee $600 per month until January, 2008, and thereafter $680 per month for the balance of 60 months, by wage assignment.</u>

2. From such funds paid in, the trustee will pay the following allowed claims in the order stated, except as otherwise provided in this plan or the schedule of debts:

    a. Filing fees, attorneys fees, and administrative expenses as the court may direct.

    b.. The claims of Indymac Bank and Nationstar Mortgage, if proven as a fully secured home mortgage claims, shall each, notwithstanding any other provision hereof, be treated as a continuing claim pursuant to 11 U.S.C. §1322(b)(5). The petitioners shall make direct monthly payments to the creditor as if current, and such arrearage claim as may be proven shall be paid by the trustee concurrently with general secured claims. Any default on such claim may be cured pursuant to this paragraph, and shall not be deemed cured or waived otherwise. The creditor shall retain its lien on the petitioners' homestead until its claim is paid in full.

    c. Secured claims, including any mortgage arrearage claims, in full, with interest on the declining balance at the rate of 5 percent or such other rate as the court may order pursuant to 11 U.S.C. §1325(a)(5); except that mortgage arrearage claims shall bear no interest. Pending confirmation, Amcore Bank NA shall receive adequate protection payments of $300 per month.

    d. Other claims entitled to priority under 11 U.S.C. §507, in full with interest or present-value payments where provided by law.

    e. Unsecured claims not placed in any other class, at the rate of such percent of the allowed claim as is possible

Petitioners: David J. Tierman, Amber L. Tierman    Case No. 3-07-10866-rdm

   from funds available, estimated by the petitioner at 16 percent.

   2.5. The student loan claims of Anchorbank SSB and US Dept. of Education, for which deferments are pending, shall be paid directly as continuing claims pursuant to 11 U.S.C. 1322(b)(5).

   3. The petitioners shall have the right to sell or refinance any encumbered asset at any time, without further order or authorization of the court, provided such sale or refinancing pays in full or has the consent of all creditors with allowed or allowable claims secured by such asset. The petitioners may make payment to such creditors from such sale or refinancing directly to the creditor, and the sale shall otherwise be free and clear of liens. The debtors shall thereupon notify the trustee of such payment, and the secured claim shall be satisfied for purposes of this Chapter 13 case.

   4. Claims not filed, disallowed for failure to file a timely claim, or otherwise not allowed will receive no payment under this plan.

   5. Any default on any claim against the petitioners or their property shall be deemed cured and waived.

   6. The property of the estate shall not vest in the petitioners on the confirmation of the plan. The petitioner shall have full possession and control of all his or her property, with the right to dispose thereof without court order. The automatic stay of 11 U.S.C 362(a) shall be in full effect, without regard to the existence of prior Title 11 cases that, but for this provision, would negate, terminate, or limit the existence or effect of the automatic stay of 11 U.S.C 362(a).

   7. The petitioners may pre-pay any obligation under this plan at any time, with the same effect as if paid in installments at the times originally designated, without further notice to parties in interest or order of the court, and without regard to whether the plan has been in effect for 36 months or any other minimum time. Payments above or in addition to those required by the plan shall be considered prepayments rather than additional payments, unless otherwise designated.

   8. Confirmation of this plan shall preclude a motion under 11 U.S.C. 1301(c), and the payments provided hereunder shall be in full satisfaction of any claim with regard to which such a motion would be required.

   9. The holder of an allowed secured claim that is to be paid under the plan may retain the lien supporting such claim by so electing in writing filed with the court and served on the petitioners before this plan is confirmed; claim of security in a proof of claim shall not, without more, constitute such an election. A lien for which such election has been made shall be retained until the secured claim is paid. On payment in full of an allowed secured claim for which lien retention has been elected, and otherwise on confirmation of this plan

Petitioners: David J. Tierman, Amber L. Tierman    Case No. 3-07-10866-rdm

of reorganization, the creditor shall satisfy and release all liens on which such secured status is based. Discrete items of collateral shall at petitioners' option be allowed as separate secured claims.

    10. No claim shall be deemed allowed or protected from disallowance or modification solely on account of having been filed prior to confirmation of this plan of reorganization. Except as otherwise provided by order of the court, each claim shall be allowed, disallowed or modified under applicable statutes and rules without regard to whether such claim and any objection thereto were filed before or after confirmation of this plan of reorganization.

    11. All lawsuits and other proceedings to enforce in any court or forum a claim provided for in this Chapter 13 case shall be dismissed on confirmation of this plan of reorganization. Confirmation shall constitute an order to the holder of such claim to obtain such dismissal, and shall modify the automatic stay to any extent necessary to permit such dismissal. Such dismissal may be without prejudice, subject to the petitioner's right to seek other terms in the tribunal where the matter is pending.

_1-28-07_____    _/s/ David J. Tierman_____
date                     David J. Tierman

_1-29-07_____    _/s/ Amber Tierman_____
date                     Amber L. Tierman